BROWN (SACRIDER v.). See Case No. 12,-205.

---

## Case No. 2,029.

### BROWN v. SCHOONMAKER.

[N. Y. Daily Times. Dec. 3, 1855.]

Circuit Court, S. D. New York. Nov. 30, 1855.

DEED—CONSTRUCTION AND EFFECT.

At law. This is an action of ejectment [by Abijah Brown against Henry E. Schoonmaker] to recover lot No. 159, on the northerly side of Twelfth street, in the city of New York. [Judgment for defendant.]

Mr. Woodhouse, for plaintiff.
Mr. Byrne, for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

HELD BY THE COURT:

1. That the deed from John Somers to Jacob S. Arden, his heirs and assigns, dated the 24th of September, 1805, and which included the premises in question, according to its true construction and legal effect, operated as a conveyance in fee to the said J. S. Arden, the grantee; the word "heirs" in this deed being used as a word of limitation to determine the nature and quantity of interest intended to be conveyed; and that the term was not used as a word of purchase, or as a specific designation of certain individuals, who were to take as grantees in the deed; and, that, if the deed cannot operate as a conveyance in fee to J. S. Arden, it cannot operate at all, as to construe the word "heirs" as a word of purchase, and descriptive of the grantee, would not be carrying into effect the intent of the parties to the deed, but would be passing the estate by construction to a class of persons, whether they be the heirs of J. S. Arden at the time of the deed, or his heirs at the time of his death, not within, but entirely outside, of the intent of the said parties.

2. The aforesaid deed of J. Somers to J. S. Arden, being a conveyance with warranty, operated by way of estoppel against the grantor and all those claiming the premises under him, and at the same time in favor of the grantee and all persons coming into the premises under him; and this although no present interest in the estate attempted to be conveyed, passed, at the time, to the grantee. And that as soon as the event happened on which the devise over to J. Somers, under the will of the elder Arden, took effect, and the title thereby accrued to him, the warranty in the deed operated to carry the estate in interest to the subsequent purchasers of the premises from J. S. Arden. That the time when the event may happen upon which an estate in interest may accrue to the grantor in a deed of warranty does not affect the operation of the deed, for the grantee and those in priority with him hold by virtue of the estoppel created by the warranty against the grantor and all claiming under him till the event happens; after the event happens, whenever that may be, by which the title comes to the grantor, it immediately inures to the benefit of the grantee, or his assignee, and vests the estate in interest. J. S. Arden, and his assignees, therefore, held the premises in question against Somers, and all persons claiming under him, by virtue of the estoppel, under the deed of 24th of September, 1805, and until April, 1824, when, upon the death of Arden, the event happened by which the

title came to Somers under the devise over, and then inured to and became vested in Arden's assignee. On the happening of this event, the estoppel worked upon the estate and passed the title to Robert Hunter, the purchaser under the mortgage from Arden and wife, and Rachel Arden, the widow, to James Roosevelt, on the 20th of April, 1809. The defendant derives his title from said Hunter.

According to the decision of the court of appeals, the highest court in the state of New York, in the case of Lott v. Wyckoff, 2 Comst. [2 N. Y.] 355, affirming the judgment of the court below in the same case, J. S. Arden took a fee simple absolute in the premises under the will of Jacob J. Arden, his father, and hence, under the law of New York, which is the rule of decision in this court upon titles to real property, the defendant has derived a complete title to the premises under the aforesaid mortgage to Roosevelt. Judgment for defendant.